IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| **Kathrina Kizer,** | Case No.: _____ |
| *Plaintiff*, | |
| v. | Division: _____ |
| **NRA Group, LLC,** *and* **Green Mountain Capital, LLC,** | Ad Damnum: $2,000 + Atty Fees & Costs |
| *Defendants.* | **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Kathrina Kizer** ("Ms. Kizer"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, **NRA Group, LLC** ("NRA"), and **Green Mountain Capital, LLC** ("Green Mountain") (collectively "**Defendants**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Kizer, an individual consumer, against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and the *Florida Consumer Collection Practices Act*, Section 559.55, Florida Statutes *et. seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA and FCCPA, and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4.      Venue is proper in Hillsborough County pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and / or caused by the Defendants therein.

## PARTIES

5.      **Ms. Kizer** is a natural person residing in Tampa, Hillsborough County, Florida, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

6.      **NRA** is a Pennsylvania limited liability company with a primary business address of **2491 Paxton St., Harrisburg, PA 17111.**

7.      NRA is registered to conduct business in the state of Florida, where its registered agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

8.      NRA also conducts business as "National Recovery Agency," which it has registered as a fictitious name in the state of Florida.

9.      NRA is licensed as a *Consumer Collection Agency* ("CCA") by the Florida Office of Financial Regulation and holds license number CCA9904296. **SEE PLAINTIFF'S EXHIBIT A.** As a CCA, NRA knows or should know its obligations under the FDCPA and FCCPA.

10.     **Green Mountain** is a Delaware limited liability company with a primary business address of 1105 Oakdale Place, Boulder, CO 80304.

11.     Green Mountain is registered to conduct business in the state of Florida, where its registered agent is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

12.     On information and belief, Green Mountain regularly engages in the purchase of charged-off consumer debts for the purpose of collection, and generates income from the assignment of such debts to outside collection agencies, such as NRA.

13. The Defendants are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. §1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that they use an instrumentality of commerce, interstate and within the state of Florida, including postal mail, for their businesses, the principal purposes of which are the collection of debts, and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or asserted to be owed another.

## FACTUAL ALLEGATIONS

14. Around June 11, 2011, Ms. Kizer opened a Verizon account for home internet service.

15. In 2013, Ms. Kizer discontinued service with Verizon.

16. Verizon continued to bill for services, later alleging that $239.91 was due (the "**alleged Debt**" or "**Debt**").

17. The alleged Debt arose from services which were for family, personal, or household purposes, specifically home internet and cable television service, and therefore meets the definition of "debt" under the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

18. Ms. Kizer disputes owing the Debt.

19. Verizon reported the Debt to Experian, Equifax, and Trans Union, three nationwide *Consumer Credit Reporting Agencies* ("CRAs").

20. In these reports, Verizon reported the *Date of First Delinquency* ("DOFD") as September 2013.

21. A billing statement from Verizon dated October 7, 2013 reflects an amount of $162.92 as an "Overdue Balance – Please Pay Now." **SEE PLAINTIFF'S EXHIBIT B.**

22. At some point after June 2014, the Debt was sold to Green Mountain, or to an unknown successor-in-interest, who then re-sold the Debt to Green Mountain.

23. In or around May 2018, the Debt was assigned or otherwise transferred to NRA for collection.

### NRA Reports a False DOFD to the Credit Reporting Agencies

24. In or around July 2018, NRA, in an effort to collect the Debt, reported it to Experian, Equifax, and Trans Union. **SEE PLAINTIFF'S EXHIBITS C, D, and E.**

25. NRA reported a DOFD of March 2014, *six months more recent* than the date previously reported by Verizon. *Id.*

26. Logically, an account with an "overdue" balance in September 2013 cannot be "first" delinquent in March 2014.

27. The FCRA states that a debt buyer who purchases a debt from an original creditor who had previously reported it to the CRAs complies with the FCRA if "the person reports the same date of delinquency as that provided by the creditor to which the account was owed at the time at which the commencement of the delinquency occurred, if the creditor previously reported that date of delinquency to a consumer reporting agency." 15 U.S.C. §1681s-2(a)(5)(B)(i).

28. Additionally, the *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association, a trade association representing the CRAs and which updates and implements the Metro II reporting language utilized by the CRAs, states that debt buyers who purchase accounts from another lender already charged-off should "report the date of the first delinquency with the previous lender." (Emphasis added). **SEE PLAINTIFF'S EXHIBIT F.**

29. NRA's reporting of a false DOFD was therefore in direct contradiction to the requirements of the FCRA and the *Credit Reporting Resource Guide.*

30. The accuracy of the DOFD is critical, as the CRAs use the date to comply with and compute the running of the seven-year reporting period prescribed by the FCRA, 15 U.S.C. §1681c(a)(4).

31. After the expiration of the reporting period, the CRAs purge the tradeline as obsolete and no longer include it in reports generated about the consumer.

32. Experian purges collection tradelines as obsolete at six years nine months from the reported DOFD.

33. Because of NRA's reporting of a March 2014 DOFD, Ms. Kizer's Experian consumer credit disclosure indicates that the Debt would continue to report until *December 2020*. **SEE PLAINTIFF'S EXHIBIT C.**

34. Had NRA reported the same DOFD as Verizon, Ms. Robinson's Experian disclosure would indicate the account would continue to report only until *June 2020*.

35. By falsely reporting the DOFD, NRA effectively "re-aged" the Debt in an attempt to influence Ms. Kizer's decision-making process regarding the Debt, since the longer a debt will adversely affect a consumer, the more likely that consumer is to pay it, even if she disputes it.

36. The CRAs require furnishers of information, such as NRA, to certify that their reports are in compliance with all applicable state and federal laws.

37. NRA thus falsely certified to the CRAs that its report was in compliance with applicable laws, despite the incorrect DOFD.

## False DOFD Creates an Injury in Fact

38. A communication to a CRA is "material" if it affects the consumer's "ability to choose intelligently how to handle her debt situation." *See Daley v. A & S Collection Associates,*

*Inc.*, CV-09-946-ST (D. Oregon June 7, 2010) (holding that the false reporting of the date of delinquency was a material violation of 15 U.S.C. § 1692e(8)).

39.   Credit scoring algorithms weigh the recency of a default on a debt when computing a credit score, reflecting more recently delinquent accounts as worse than older delinquent accounts.

40.   NRA's re-aging of the Debt therefore created a real risk of harm to Ms. Kizer in by lowering her credit scores. "When a trade line is improperly re-aged so that it expires after the seven-year time limit has run, (*e.g.*, a trade line that would properly expire in 2018, is set to expire in 2020) there is a real risk that the individual will be harmed, in the form of a lower credit score." *O'Dell v. National Recovery Agency*, Civil Action No. 16-5211, (E.D. Penn. 2018) (finding that the re-aging of debt via a false DOFD creates a real risk of harm sufficient to create standing to bring claim).

### Ms. Kizer's Dispute of the Debt

41.   On August 15, 2018, Ms. Kizer disputed the Debt to Trans Union.

42.   Trans Union sent NRA an *Automated Consumer Dispute Verification* ("ACDV") request via e-OSCAR that same day, relaying Ms. Kizer's dispute to NRA.

43.   On or about August 16, 2018, Ms. Kizer disputed the Debt, in writing, *directly* to NRA.

44.   NRA thus knew that the Debt was disputed.

45.   On or about August 27, 2018, NRA responded with a collection letter stating that the communication was from a debt collector and was an attempt to collect a debt. **SEE PLAINTIFF'S EXHIBIT G.**

46. The letter also stated, "(u)nless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." *Id.*

47. The letter also stated, "*Unless you dispute this debt*, your payment should be made directly to this office. Please choose one of the following methods of payment." *Id.* (Emphasis added).

48. At no point in NRA's letter did it disclose that it was treating the Debt as disputed.

49. At the time of NRA's letter, Ms. Kizer had already *twice* disputed the Debt.

50. The plain language of NRA's letter thus states that NRA will no longer consider the Debt disputed unless Ms. Kizer *re-disputes* the Debt within 30 days.

51. NRA had no reason to believe that Ms. Kizer no longer disputed the Debt.

52. NRA had no right to unilaterally nullify Ms. Kizer's dispute, or determine on its own that Ms. Kizer's dispute had no merit. *See, e.g., Evans v. Portfolio Recovery Associates*, 889 F. 3d 337 (7th Cir 2018).

53. NRA's August 27 letter also contained a notice of rights pursuant to the FDCPA, 15 U.S.C. § 1692g. *Id.*

54. Upon information and belief, NRA sent its initial communication to Ms. Kizer regarding the alleged Debt on or about May 10, 2018.

55. The 30-day validation period for the Debt thus ended in June 2018.

56. Sending more than one 30-day validation notice violates the FDCPA, since it would confuse an unsophisticated consumer as to when the 30-day period starts and stops; *see Maloney et al. v. Alliance Collection Agencies, Inc.*, No. 17-CV-1610 (E.D. Wis. Nov. 6, 2018).

57. Even if NRA chose to voluntarily validate the Debt after its initial communication, "choosing to validate the debt does not absolve the debt collector of liability for misleading the consumer about her rights." *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742–43 (N.D. Ill. July 8, 2003).

58. By claiming Ms. Kizer had an obligation to re-dispute a previously-disputed debt, NRA misrepresented Ms. Kizer's rights under 1692g.

59. Reporting a debt to a CRA is an attempt to collect the Debt.

### Green Mountain's Liability

60. Green Mountain, like other entities which purchase charged-off debt, is a debt collector pursuant to the FDCPA; see *Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2017 U.S. Dist. LEXIS 206440 *16 (N.D. Ind. Dec. 15, 2017) ("[t]here is no business purpose in purchasing charged off debts if the ultimate goal is not to collect them... [d]ebt buyers don't buy debts to use them as wallpaper, but to turn them into money").

61. As a debt collector itself, and the principal who engaged NRA, Green Mountain is jointly and severally liable for the actions of its agent, NRA.

62. NRA's letters to Ms. Kizer and credit reports to the CRAs are "communications" as defined by the FDCPA, 15 U.S.C. § 1692a(2), and the FCCPA, Section 559.55(2), Florida Statutes.

63. Ms. Kizer has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees and/or has assigned her rights to collect fees to the firm.

## COUNT I
## <u>VIOLATIONS OF THE FDCPA</u>

64. Ms. Kizer adopts and incorporates paragraphs 1 – 63 as if fully stated herein.

65. The Defendants violated **15 U.S.C. § 1692e and 1692e(10)** in that NRA, as agent for Green Mountain, made false representations in an attempt to collect a debt by:

    a. stating in its August 2018 letter to Ms. Kizer that unless she re-disputed the Debt within 30-days, it would consider the Debt undisputed, even though Ms. Kizer had disputed the Debt multiple times and NRA knew of these disputes;

    b. falsely stating in its August 2018 letter to Ms. Kizer that the 30-day validation period pursuant to 1692g had just began, when it had ended in June 2018; and,

    c. reporting a false DOFD to the CRAs, thereby re-aging the Debt and causing unfair harm to Ms. Kizer's credit scores.

66. The Defendants' violated **15 U.S.C. § 1692e(2)(a)** in that NRA, as agent for Green Mountain, made false representations about the character and legal status of a debt by:

    a. stating in its August 2018 letter to Ms. Kizer that she needed to *re-dispute* the Debt, thus implying that the Debt was undisputed;

    b. falsely stating in its August 2018 letter to Ms. Kizer that the 30-day validation period pursuant to 1692g had just began, when it had ended in June 2018; and,

    c. reporting a false DOFD to the CRAs, thereby re-aging the Debt and causing unfair harm to Ms. Kizer's credit scores.

67. The Defendants' conduct violated **15 U.S.C. § 1692e(8)** in that NRA, as agent for Green Mountain, communicated credit information known to be disputed, without disclosing the dispute, when it failed to disclose Ms. Kizer's dispute in its August 2018 letter, and to the contrary,

claimed that absent another dispute by Ms. Kizer, it would consider the debts undisputed in 30 days.

68. The Defendants' conduct violated **15 U.S.C. § 1692e(8)** in that NRA, as agent from Green Mountain, communicated credit information which was false, and which it knew, or should have known, was false, when NRA reported that the DOFD of the account was March 2014, instead of September 2013.

69. At all times relevant NRA was acting as an agent for Green Mountain, on Green Mountain's behalf, and within the scope of its authority.

70. Green Mountain, as principal, is jointly and severally liable for the actions of its agent, NRA.

71. NRA's actions were willful and intentional, or made with a reckless disregard for Ms. Kizer's rights under the FDCPA.

72. NRA's actions render it liable for the above-stated violations of the FDCPA.

**WHEREFORE**, Ms. Kizer respectfully requests this Honorable Court enter judgment against NRA and Green Mountain, jointly and severally, for:

a. Statutory damages of **$1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA

73. Ms. Kizer adopts and incorporates paragraphs 1 – 63 as if fully restated herein.

74. The Defendants violated Section **559.72(9)**, Florida Statutes, when NRA, as agent for Green Mountain, asserted legal rights which do not exist, specifically, the right to nullify Ms. Kizer's dispute of the Debt and require her to re-dispute the Debts within 30 days of receiving a second collection letter, or the Debts would be presumed valid.

75. The Defendants violated Section **559.72(6)**, Florida Statutes, when NRA, as agent for Green Mountain, mailed a collection letter to Ms. Kizer in August 2018 which failed to disclose that the Debt was disputed, despite knowing of Ms. Kizer's disputes of the Debt, and, to the contrary, claimed that, absent another dispute by Ms. Kizer, it would consider the debts undisputed in 30 days.

76. At all times relevant NRA was acting as an agent for Green Mountain, on Green Mountain's behalf, and within the scope of its authority.

77. Green Mountain, as principal, is jointly and severally liable for the actions of its agent, NRA.

78. NRA's actions were willful and intentional, or made with a reckless disregard for Ms. Kizer's rights under the FCCPA.

79. NRA's actions render it liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Ms. Kizer respectfully requests this Honorable Court enter judgment against NRA and Green Mountain, jointly and severally, for:

a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

c.  Injunctive relief preventing Defendants from attempting to collect the alleged debts from Ms. Kizer pursuant to Section 559.77(2), Florida Statutes;

d.  Reasonable costs and attorney's fees pursuant to pursuant to Section 559.77(2), Florida Statutes; and,

e.  Such other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Ms. Kizer hereby demands a jury trial on all issues so triable.

Respectfully submitted on **June 5, 2019**, by:

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
FBN: 119168

SERAPH LEGAL, P.A.
2002 E. 5th Avenue • Suite 104
Tampa, FL 33605
(813) 567-1230
Attorneys for Plaintiff
BGeiger@SeraphLegal.com

## EXHIBIT LIST

A   NRA's Florida Consumer Collection Agency License Record
B   Ms. Kizer's Verizon Account Statement, October 7, 2013
C   Ms. Kizer's Experian Consumer Disclosure, August 8, 2018, Excerpt
D   Ms. Kizer's Equifax Consumer Disclosure, August 14, 2018, Excerpt
E   Ms. Kizer's Trans Union Consumer Disclosure, August 14, 2018, Excerpt
F   *Credit Reporting Resource Guide*, Excerpt
G   NRA's Letter to Ms. Kizer, August 27, 2018

# EXHIBIT A
## NRA's Florida Consumer Collection Agency License Record



# EXHIBIT B
## Ms. Kizer's Verizon Account Statement, October 7, 2013



# EXHIBIT C
## Ms. Kizer's Experian Consumer Disclosure, August 8, 2018, Excerpt



6/5/2019 9:26 AM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 15

# EXHIBIT D
## Ms. Kizer's Equifax Consumer Disclosure, August 14, 2018, Excerpt

NATIONAL RECOVERY

https://www.ai.equifax.com/CreditInvestigation/loadCollectionsDataNegativeInfo.action?tab=collections     1/3

8/14/2018                                        Equifax Online Dispute

| Agency Address: | 2491 Paxton St<br>Harrisburg, PA 17111-1036<br>(800) 773-4503 |
|---|---|
| Date Reported: | 08/2018 |
| Date Assigned: | 05/2018 |
| Creditor Classification: | Utilities |
| Original Creditor: | VERIZON |
| Account Number: | ■XXX |
| Account Owner: | Individual Account. |
| Original Amount Owned: | $239 |
| Date of 1st Delinquency: | 03/2014 |
| Balance Date | 08/2018 |
| Balance Owned | $239 |
| Last Payment Date: | |
| Status Date: | 08/2018 |
| Status: | D - Unpaid |
| Comments: | N/A |

# EXHIBIT E
## Ms. Kizer's Trans Union Consumer Disclosure, August 14, 2018, Excerpt



**NTL RECOVERY AGENCY #**
2491 PAXTON ST
HARRISBURG, PA 17111
(717) 540-5605

| Placed For Collection: | Responsibility: | Account Type: | Loan Type: |
|---|---|---|---|
| 05/09/2018 | Individual Account | Open Account | COLLECTION AGENCY/ATTORNEY |
| Balance: | Date Updated: | Original Amount: | Original Creditor: |
| $239 | 08/01/2018 | $239 | VERIZON (Utilities) |
| Past Due: | Pay Status: | | |
| $239 | >In Collection< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed 02/2021

https://onEnedispute.transunion.com/oda/odic/nowinvestigation/showReport/1

36/78

Page 17 of 20

# EXHIBIT F
## *Credit Reporting Resource Guide*, Excerpt

# Frequently Asked Questions and Answers

**47. Question: How should accounts that have been purchased from another company be reported?**

Answer: Prior to reporting portfolio acquisitions, it is imperative that the data rep at each consumer reporting agency be contacted to discuss the various reporting options and to facilitate a smooth transition. Two possible options for reporting are:

1. If the lender who sold the accounts reported them as "account transferred to another company" or the history cannot be verified for the account prior to purchase, report the following Base and K2 Segment fields as specified:

   - Consumer Account Number = newly assigned account number
   - Date Opened = date the account was purchased
   - Account Status Code = appropriate code that specifies the status of the account as of the Date of Account Information
   - Payment Rating = if applicable to the Account Status Code being reported
   - FCRA Compliance/Date of First Delinquency = if the account is delinquent or derogatory at the time of purchase, report the date of the first delinquency with the previous lender
   - Payment History Profile = report Character B for months when account was owned by the previous lender
   - K2 Segment Portfolio Indicator = 1 and Purchased Portfolio Name = name of the company from which the account was purchased

   **Important Note: Payment history that occurred with the previous lender, which is already on the consumer's file, must not be reported by the new lender.**

2. If the previous lender's account history is being converted to the new lender's system and the account history can be verified, report the following Base, K2 Segment and L1 Segment fields as specified:

   - Base Segment Identification Number = Identification Number reported by the previous lender
   - Base Segment Consumer Account Number = Account Number reported by the previous lender
   - Date Opened = Date Opened with the previous lender
   - Account Status Code = appropriate code that specifies the status of the account as of the Date of Account Information
   - Payment Rating = if applicable to the Account Status Code being reported
   - FCRA Compliance/Date of First Delinquency = if the account is delinquent or derogatory at the time of purchase, report the date of the first delinquency with the previous lender
   - Payment History Profile = report payment history provided by the previous lender
   - K2 Segment Portfolio Indicator = 1 and Purchased Portfolio Name = name of the company from which the account was purchased
   - L1 Segment Change Indicator = 3, New Consumer Account Number = new account number assigned by the new lender, and New Identification Number = internal code that specifies where information will be verified by the new lender

# EXHIBIT G
## NRA's Letter to Ms. Kizer, August 27, 2018

### NATIONAL RECOVERY AGENCY
2491 Paxton Street, Harrisburg PA 17111
Toll Free: (800) 360-4319


Kathrina Kizer



**TOTAL DUE: $239.91**

Dear Kathrina Kizer,

Your VERIZON account has been purchased by GREEN MOUNTAIN CAPITAL LLC. All inquiries regarding this account should be made directly to NATIONAL RECOVERY AGENCY and not to VERIZON.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR  THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Below is a listing of accounts included in the total amount due listed above:

| CREDITOR | ACCOUNT # | DATE | AMOUNT | INTEREST | COSTS | AMT OWED |
|---|---|---|---|---|---|---|
| GREEN MOUNTAIN CAPITAL LLC | | 03/07/14 | 239.91 | .00 | .00 | 239.91 |

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Unless you dispute this debt, your payment should be made directly to this office. Please choose one of the following methods of payment. Please note that a service charge of twenty dollars will be added to all checks returned to us by your bank as permitted by law.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS

**PAYMENT OPTIONS**

Telephone Hours:
Monday – Thursday 8:00 A.M. to 8:30 P.M.
Friday 8:00 A.M. to 5:00 P.M.
Saturday 8:00 A.M. to 12:30 P.M.
Eastern Standard Time
(800) 360-4319

Send Mail To:
NATIONAL RECOVERY AGENCY
PO BOX 67015
HARRISBURG, PA 17106-7015

Via Internet:
Pay online by credit card or check at
www.nationalrecovery.com

Calls to or from NATIONAL RECOVERY AGENCY may be recorded or monitored.
✂ To ensure proper credit to your account please detach bottom portion and return it with payment in the enclosed envelope. ✉

PO Box 67015
Harrisburg, PA 17106-7015

Toll Free: (800) 360-4319
Statement Date: August 27, 2018

Kathrina Kizer

| IF PAYING BY CREDIT CARD, FILL OUT BELOW |
|---|
| VISA  MasterCard |

| CARD NUMBER | | SECURITY CVV2 CODE |
|---|---|---|
| SIGNATURE | | EXP DATE |
| TOTAL DUE $239.91 | $ PAYMENT AMOUNT | NRA ID #  |

For Online Payments visit www.nationalrecovery.com

MAKE PAYMENT AND REMIT TO:

NATIONAL RECOVERY AGENCY
PO Box 67015
Harrisburg, PA 17106-7015

Self-Addressed stamped envelope is required for return receipts.

Page 19 of 20

# EXHIBIT G
## NRA's Letter to Ms. Kizer, August 27, 2018

### CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non Profit Counseling services may be available in your area.

### CALIFORNIA AND UTAH RESIDENTS:

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described in the first notice you received from us.

### COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT. YOU MAY CONTACT OUR OFFICE AT: ASSOCIATED COLLECTION AGENCIES INC., 27 NORTH WILLERUP, SUITE B, MONTROSE, CO 81401 OR BY TELEPHONE AT 970-249-7514.

### MASSACHUSETTS RESIDENTS:

MASSACHUSETTS RESIDENTS MAY CONTACT OUR OFFICE BY TELEPHONE AT THE NUMBER, OFFICE HOURS, AND ADDRESS LISTED ON THE FRONT OF THIS NOTICE OR TO 155 FEDERAL STREET, SUITE 700, BOSTON, MA 02110.

### NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

### MINNESOTA MEDICAL PATIENTS ONLY:

This collection agency is licensed by the Minnesota Department of Commerce. If you feel that your concerns have not been addressed, please contact National Recovery Agency and allow us the opportunity to try and address your concerns. Or, you have the option to address any concerns with the Minnesota Attorney General's Office, which can be reached at 651-296-3353 or 1-800-657-3787.

### NEVADA HOSPITAL PATIENTS:

If the debtor pays or agrees to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) An acknowledgement of the debt by the debtor, and (2) A waiver by the debtor of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt. If the debtor does not understand or has questions concerning his legal rights or obligations relating to the debt, the debtor should seek legal advice. As used in this section, "hospital" has the meaning ascribed to it in NRA 449.012.

### NORTH CAROLINA RESIDENTS:

NC Permit Number: 4485

### TENNESSEE RESIDENTS:

This collection agency is licensed by the collection service board of TN Department of Commerce and Insurance, permit number 812.

| MEDICAL PATIENTS PLEASE COMPLETE THE INFORMATION BELOW OR SEND FRONT/BACK COPY OF INSURANCE CARD |||
|---|---|---|
| Patient Name: | Date of Birth: | Primary Insurance<br>Co: <br>Policy #: _____ Group #: _____<br>Address: <br>City: _____ State: _____ Zip: _____<br>Effective Date: |
| Guarantor's Name: | Date of Birth: | ^ |
| Address: <br>City: _____ State: _____ Zip: _____<br>Phone #: | | ^ |
| Policy Holder Name: <br>Address: <br>City: _____ State: _____ Zip: _____<br>Phone #: | | Secondary Insurance<br>Co. <br>Policy #: _____ Group #: _____<br>Address: <br>City: _____ State: _____ Zip: _____<br>Effective Date: |

Page 20 of 20